**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TAMMY WILLIAMS, et al**                                              **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO. 2:05CV83-P-B**

**SHERIFF JAMES RILEY, in his
official and personal capacities**                                              **DEFENDANTS**

**ORDER**

This cause is before the Court on the defendant's Motion to Dismiss [25]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs filed their Complaint on or about April 21, 2005 against Sheriff James A. Riley in his official and individual capacities. They seek damages pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutionally protected right to free speech. They allege that they were discharged after they submitted a written report which detailed the beating of a restrained prisoner by a fellow officer.

Defendant Riley filed a responsive pleading and motion to dismiss asserting a qualified immunity defense. He urges that the plaintiffs' complaint failed to sufficiently allege facts demonstrating that he played any part in plaintiffs' terminations. Plaintiffs' original complaint is rife with shortcomings insofar as concerns the claim against Sheriff Riley in his individual capacity.

However, plaintiffs responded to the motion to dismiss by seeking leave to amend their complaint to add additional allegations regarding Sheriff Riley. Despite defendant's vociferous

objection to any amendment of plaintiffs' complaint, Fifth Circuit precedent clearly supports allowing such amendments. Schultea v. Wood, 27 F.3d 1112 (1994), reh'g en banc, 47 F.3d 1427 (5th Cir. 1995).

Furthermore, the proposed amended complaint cures the deficiencies of the initial complaint. It does not rest on mere conclusions, but instead provides an ample factual basis for sustaining plaintiffs' burden of proving that Riley's actions violated a clearly established constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396, 410 (1982). Specifically, the proposed amendment complaint alleges Riley's knowledge of plaintiffs' activities and his complicity in Atkinson's plan to trump up false charges against the plaintiffs. Finally, the complaint charges that Riley rigged the outcome of plaintiffs' disciplinary hearing before the Supervisory Board, thereby assuring their terminations. Assuming the truth of plaintiffs' allegations, as is required on a 12(b)(6) motion, the Court cannot possibly conclude that Riley acted reasonably under the circumstances. Accordingly, the Court finds that the defendant's motion to dismiss on grounds of qualified immunity is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Dismiss [25] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the stay imposed by the Court's September 1, 2005 Order is hereby LIFTED. IT IS FURTHER ORDERED that the parties are to contact the assigned magistrate judge regarding a case management conference within ten (10) days of the entry of this Order.

SO ORDERED, this the 10th day of July, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE