IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TAMMY WILLIAMS, EARL RUSSELL,
CHERYL HAMBRICK, PLAINTIFFS,

VS. CIVIL ACTION NO. 2:05CV83-P-B

SHERIFF JAMES RILEY, et al., DEFENDANTS.

## FINAL JUDGMENT

These matters come before the court upon the defendants' motion to supplement their first motion to dismiss [48-1], the defendants' motion for reconsideration [55-1] of this court's July 10, 2006 Order denying the defendants' first motion to dismiss the original complaint, the defendants' motion to dismiss the Second Amended Complaint [68-1], and the plaintiffs' motion for leave to file a Third Amended Complaint [77-1]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

On July 10, 2006 this court concluded that "the [then] proposed amended complaint provided an ample basis for sustaining the plaintiff's burden of proving that Riley's actions violated a clearly established constitutional right of which a reasonable person would have known." In their July 7, 2006 motion to supplement their motion to dismiss the original complaint, motion to reconsider denial of same, and motion to dismiss the second amended complaint, the defendants cite to the United States Supreme Court's recent opinion in *Garcetti v. Ceballos*, 126 S.Ct. 1951 (May 30, 2006) for the proposition that the plaintiffs as governmental employees have no First Amendment claim via 28 U.S.C. § 1983 because their reporting of another officer beating an inmate was part of their official duties.

1

Since the court denied Defendant Riley's first motion to dismiss, the plaintiff was given leave to file a Second Amended Complaint in which the plaintiffs added Defendants Steve Atkinson and Larry Gatlin in their individual and official capacities as deputy sheriffs and jail administrators. The Second Amended Complaint asserts the following causes of action against the defendants: (1) denial of equal protection and due process in violation of the Fourteenth Amendment; (2) retaliation in violation of the plaintiffs' First Amendment right to free speech; (3) malicious interference with the plaintiffs' employment under Mississippi law; (4) wrongful discharge in violation of Mississippi public policy; and (5) civil conspiracy under Mississippi law to perpetrate the aforementioned unlawful acts.

On September 18, 2006 the defendants filed a motion to dismiss the Second Amended Complaint. With regard to the First Amendment claim, the defendants reassert their arguments pursuant to *Garcetti*. The defendants maintain that the plaintiffs also fail to state a claim for an equal protection violation because the plaintiffs do not allege identification with any protected class. The defendants assert that the plaintiffs cannot meet the equal protection requirement that "the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Bryan v. City of Madison*, 213 F.3d 267, 276-77 (5th Cir. 2000). This is because, the defendants argue, there was no mention of race or religion in any version of the complaint and the decision in *Garcetti* precludes recovery for any alleged constitutional right protecting the plaintiffs' reporting of the alleged improper conduct of a fellow officer. As to the due process claim, the defendants argue that the plaintiffs fail to state a claim because they have no property interest in their employment with the DeSoto County Police Department. The defendants do not address the plaintiffs' state law claims for malicious interference

with employment, wrongful discharge in violation of Mississippi public policy, or civil conspiracy.

With regard to the federal claims, the plaintiffs argue that *Garcetti* does not act to bar their claims because their speech was not part of their job duties.

While the defendants' motion to dismiss the Second Amended Complaint was still pending, the plaintiffs filed a motion for leave to file a Third Amended Complaint arguing that it specifically addresses the issue raised regarding *Garcetti*.

Having considered all of the parties' arguments, this court concludes that the federal claims asserted by the plaintiffs in this particular case are precluded pursuant to the Supreme Court's decision in *Garcetti.* Therefore, these federal claims cannot withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) even after viewing all of the facts in favor of the plaintiffs. The actual holding of *Garcetti* is: "We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 126 S.Ct. at 1960. Despite plaintiff counsel's best efforts, the import of this holding on the alleged facts in this case is impossible to circumvent since it is undisputed that part of the plaintiffs' official duty description includes reporting unlawful activity of other officers.

This court is gravely troubled by the effect of *Garcetti* upon a factual scenario such as that before the bar. It allows no federal constitutional recourse for an employee of the State of Mississippi who is fired for reporting a fellow government employee's misconduct. While it is true that the Supreme Court noted in the last section of the majority opinion that plaintiffs could obtain alternative relief under federal and state whistleblower statutes, 126 S.Ct. at 1962, the federal whistleblower statutes only apply to federal employees, not state employees, and the Mississippi

whistleblower statute appears to require that the government employee report misconduct to a district attorney instead of going first to the employee's supervisor who would be the natural first choice.

The Mississippi whistleblower statutes are contained in Miss. Code Ann. § 25-9-171 *et seq.* and only apply to governmental employees. However, given the definition of a whistleblower in § 25-9-171(j), the protection under Mississippi law for governmental employees who wish to report improper governmental action appears confined to situations in which the whistleblower reports the activity to a "state investigative body," defined in § 25-9-171(g) as including the State Attorney General, the State Auditor, the Mississippi Ethics Commission, or any district attorney of the State of Mississippi. The Mississippi whistleblower statute does not appear to protect whistleblowing to a government employee's supervisor. Therefore, it is unlikely that the plaintiffs could recover under the Mississippi whistleblower statute in this case since they did not report the improper activity to a "state investigative body." Despite this unfortunate reality, this court remains bound by U.S. Supreme Court precedent.

Because all of the plaintiffs' federal claims rest upon the constitutionality of the defendants' alleged retaliation for the plaintiffs' exercise of their First Amendment rights to freedom of speech, the plaintiffs' attempt to rephrase their federal claims as ones for equal protection or due process are unavailing given *Garcetti*'s clear holding quoted above.

The plaintiffs' motion for leave to file a Third Amended Complaint should be denied since the proposed Third Amended Complaint does not remedy the problems discussed above.

The plaintiffs' state-law claims for malicious interference with employment, wrongful discharge in violation of Mississippi public policy, and civil conspiracy remain. However, since the plaintiff's federal claims should be dismissed with prejudice, this court declines to exercise

supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss the Second Amended Complaint [68-1] is **GRANTED**; therefore,

(2) The plaintiffs' federal claims for retaliation in violation of the plaintiffs' First Amendment and Fourteenth Amendment rights are hereby **DISMISSED WITH PREJUDICE** pursuant to *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006);

(3) Defendants' Motion to Supplement [48-1] and Motion for Reconsideration [55-1] are **DENIED AS MOOT**;

(4) Plaintiffs' Motion for Leave to File a Third Amended Complaint is **DENIED**;

(5) Because the plaintiffs' federal claims are dismissed with prejudice, the court declines to exercise supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367(c)(3) and therefore the plaintiffs' remaining state-law claims for malicious interference with employment, wrongful discharge in violation of Mississippi public policy, and civil conspiracy are **DISMISSED WITHOUT PREJUDICE**; and

(6) This case is **CLOSED**.

**SO ORDERED** this the 9th day of March, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE