**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TAMMY WILLIAMS, EARL RUSSELL and
CHERYL HAMBRICK**                                                    **PLAINTIFFS**

**VERSUS**                                                      **CIVIL ACTION NO. 2:05CV83-P-S**

**JAMES RILEY, Individually and in his
Official capacity as Sheriff of DeSoto County,
Mississippi, STEVE ATKINSON, Individually
and in his Official capacity as deputy sheriff
of DeSoto County, Mississippi**                                    **DEFENDANTS**

**ORDER**

This cause is before the Court on the defendants' Motion in Limine [190]. The Court, having reviewed the motion, the response and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants seek the entry of an order prohibiting plaintiffs from introducing evidence regarding the circumstances of Alice Faye Cox's termination from the DeSoto County Sheriff's Department on grounds that such evidence is irrelevant under Rule 401 and that it is subject to exclusion under Rule 403 because it will confuse the issues and mislead and prejudice the jury.

The Court has carefully considered the filings pertaining to the instant motion as well as the previous motion in limine and the transcript from the previous trial. The Court concludes that the plaintiffs are correct in pointing out that anecdotal evidence concerning Ms. Cox's termination is, indeed, relevant, to plaintiffs' claim that the defendants fired them for reporting inmate abuse and that their actual job duties as jails did not extend to reporting such abuse. <u>Ramsey v. Henderson</u>, 286 F.3d 364, 270 (5th Cir. 2002). See also <u>Clark County School District v. Breeden</u>, 532 U.S. 268, 270 (2001).

Moreover, despite the complexities attendant Ms. Cox's testimony (and the testimony of others concerning her termination), the Court is convinced that the defendants have failed to demonstrate that the dangers of unfair prejudice, confusion of the issues, or misleading the jury substantially outweigh the probative value of the evidence in question.

The Court, however, notes that defense counsel will be afforded significant latitude during the course of his cross-examination of Ms. Cox and any other witnesses who reference her termination during the course of their testimony. Defense counsel may attempt to impeach the credibility of Ms. Cox by means of questions about her hearings before the Supervisory Board and the Executive Board, the outcome of those hearings and regarding her application for unemployment benefits and the results of the proceeding before the MESC. Furthermore, the Court notes that the factual findings of the Supervisory Board, the Executive Board and the MESC referee may themselves be admissible pursuant to F.R.E. 803(8).[1]

That the motion is not well-taken and should be denied for the reasons articulated in the plaintiffs' response thereto. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion in Limine [158] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 9th day of January, 2012.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] After careful consideration, the Court has concluded that the details and/or outcome of Ms. Cox's federal court proceedings before Chief Judge Michael P. Mills are not proper fodder for impeachment of Ms. Cox inasmuch as the dismissal of her claims turned on the application of complex legal principles which do present a substantial danger of confusing the issues. Defense counsel should limit his cross-examination accordingly.