**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TAMMY WILLIAMS, EARL RUSSELL and
CHERYL HAMBRICK,**                                          **PLAINTIFFS**

**VERSUS**                                                           **CIVIL ACTION NO.: 2:05CV83-P-B**

**JAMES RILEY, in his official capacity as
Sheriff of DeSoto County Mississippi,
STEVE ATKINSON, individually and
in his official capacity as deputy sheriff
and jail administrator of Desoto County,
Mississippi,**                                                      **DEFENDANTS**

## ORDER

This cause is before the Court on the defendants' Motion for Judgment as a Matter of Law and New Trial or Remittitur [231]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants seek to renew their motion for judgment as a matter of law with regard to plaintiffs' claims against them. Defendants did seek judgment under Rule 50(a)(1) and (2) both at the close of his case and prior to submission of the case to the jury. Accordingly, the matter is properly before the Court. The Court is to review motions under Rule 50(b) in a light and with all reasonable inferences most favorable to the party opposing the directed verdict or judgment notwithstanding the verdict. Roberts v. United Mexico Bank at Roswell, 14 F.3d 1076, 1078 (5th Cir. 1990). The jury's verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that a reasonable jury could not arrive at any

verdict to the contrary. Id.

The Court has duly considered the issues raised by defendants in conjunction with the evidence admitted at trial and the applicable law. Despite defendants contention, the Court is of the firm opinion that the issue of whether the plaintiffs were speaking as citizens or pursuant to their official job duties was a contested issue of fact for the jury to resolve. The evidence adduced at trial was sufficient to support the jury's conclusion that the plaintiffs were terminated for exercising their First Amendment right to free speech on a matter of public concern. In addition, the record evidence supported the jury's finding that the plaintiffs' firing was the result of custom and policy of the Sheriff and DeSoto County. Accordingly, the Court concludes that defendants' Motion for Judgment as a Matter of Law is without merit and should be denied.

In addition to seeking judgment as a matter of law under F.R.C.P. 50(b), defendants also press a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." The vagueness of the above statement is clarified in a recognized treatise on the subject as follows:

> The draftsman of the rule found that it was impracticable to enumerate all the grounds for a new trial. Thus the rule is stated in broad terms. It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive . . . and that the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions.

11 Wright & Miller, Federal Practice and Procedure § 2805.

The standard of review for motions under Rule 59 is more relaxed than that under rule 50 addressed above in that it imbues the trial judge with discretion in determining whether the verdict was against the "great" weight of the evidence. Adams v. Wal-Mart Stores, Inc., 151

F.R.D. 610, 612-613 (S.D. Miss. 1993).  Although a judge faced with a motion under Rule 59 may not simply substitute his judgment for that of the jury, he need not view the evidence in the light most favorable to the verdict winner.  Instead, he has the latitude to reweigh the evidence and he is free to accept or reject evidence and to reassess the credibility of witnesses and proof.  Shows v. Jamison Bedding, Inc., 671F.2d 927, 930 (5th Cir. 1982)

    Defendants' alternative motion for a new trial relies on the same reasoning it advanced in support of its Rule 50(b) motion.  The Court rejects defendant's contentions concerning the sufficiency of the evidence to support the jury's verdict for largely the same reasons cited in ruling on the Rule 50(b) motion above.  Notwithstanding the more lenient standard of review, the Court is not convinced that the jury's verdict was against the great weight of the evidence presented at trial.  The result as reflected in the verdict demonstrates the jury's reasoned assessment of the proof in accordance with the instructions provided by the Court.  Accordingly, defendants' alternative Motion for a New Trial is not well-taken and should be denied.

    Finally, defendants also request a remittitur of the damage award as to each of the plaintiffs.  An award of damages by a jury should not be reversed as excessive "except on the strongest of showing."  Lebron v. United States, 279 F.3d 321, 325 (5th Cir. 2002).  More specifically, the Court should decline a request for remittitur "where the amount awarded is not disproportionate to at least one factually similar case from the jurisdiction."  Douglass v. Delta Air Lines, Inc., 897 F.2d 1336, 1339 (5th Cir. 1990).  The controlling principle is that an award only exceeds the "maximum recovery" where the verdict exceeds 133% of the highest previous recovery of a similar case.  Id. At 1344 n. 14.  Even so, each case should be decided on the basis of its own facts; therefore, a departure from previous awards may be warranted nonetheless.  Id.

    Under the circumstances, the Court concludes that neither the jury's compensatory

damage awards nor its punitive damage awards were excessive under the facts presented at trial. Indeed, each of the plaintiffs adduced evidence of lost wages and his or her inability to find suitable employment subsequent to discharge; moreover, the plaintiffs presented evidence of emotional damages sufficient to support an additional award above and beyond their pecuniary loss. Finally, the facts as found by the jury demonstrated a willful disregard of the plaintiffs' constitutional rights–the punitive damage award for each of the plaintiffs was neither excessive nor constitutionally objectionable.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the the defendants' Motion for Judgment as a Matter of Law and New Trial or Remittitur [231] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 2nd day of May, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**